**Opinion issued December 20, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00663-CR

———————————

**RONALD EUGENE WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Case No. 1408771

## MEMORANDUM OPINION

Appellant, Ronald Eugene Williams, pleaded guilty to the felony offense of

possession of a controlled substance[1] and pleaded true to the allegations in two state

---

[1]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2010).

jail felony enhancement paragraphs.[2] The trial court found appellant guilty, found the enhancements true, and, in accordance with the terms of appellant's plea bargain agreement with the State, sentenced appellant to two years in prison. Appellant filed a pro se notice of appeal. We dismiss the appeal.

Appellant did not file a motion for new trial or a motion for extension of time to file his notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2), 26.3(b); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (requiring both notice of appeal and motion for extension to be filed within 15 days of original due date for notice of appeal). Therefore, appellant's notice of appeal was due on or before February 5, 2014. *See* TEX. R. APP. P. 26.2(a)(1).

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has expressly held that without a timely filed notice of appeal we cannot exercise jurisdiction over an appeal. *See Olivo*, 918 S.W.2d at 522; *see also Slaton*, 981 S.W.2d at 210. Because appellant's July 28, 2016 notice of appeal was untimely,[3] we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

---

[2] *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2016).

[3] The record contains no envelope or postmark date for appellant's notice of appeal, which contains no certificate of service. *See* TEX. R. APP. P. 9.2(b), 26.2(a), 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Further, appellant has

Further, in a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id*. The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See id*. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."). We note that the record reflects that on August 13, 2014, the Harris County District Attorney informed

provided no evidence to show that he delivered his notice of appeal to jail officials by February 5, 2014, which was 904 days prior to the date the notice of appeal was file-stamped. *See Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) ("We hold that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk.").

3

appellant that he was "convicted in error." Appellant may wish to pursue this contention through a post-conviction application for writ of habeas corpus pursuant to article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).

We dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).